Lee S. Harris (SBN 76699)
GOLDSTEIN, GELLMAN, MELBOSTAD,
GIBSON & HARRIS, LLP
1388 Sutter Street, Suite 1000
San Francisco, CA 94109-5494
Tel.: (415) 673-5600
Fax: (415) 673-5606

Attorneys for Plaintiff
KATHRYN KACZMAREK

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KACZMAREK,<br><br>            Plaintiff,<br><br>    v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; CUSHMAN & WAKEFIELD, INC. (as Plan Administrator as defined under ERISA § 3(16); CUSHMAN & WAKEFIELD, INC. WELFARE AND DISABILITY BENEFIT PLAN, POLICY NO. GF3-810-253854-01, DATED APRIL 1, 2001,<br><br>            Defendants. | Case No. C 05 3712 SC<br><br>**STIPULATION RE SECOND AMENDED COMPLAINT AND RESPONSIVE PLEADINGS**<br><br>ORDER |

The parties agree and stipulate as follows:

1. Plaintiff Kathryn Kaczmarek will file a Second Amended Complaint, in the form attached hereto as Exhibit "A," to correct the names of the defendants.

2. Defendants do not have to answer the First Amended Complaint, and shall respond to the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure.

SO STIPULATED.

1.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 8, 2005 | **GOLDSTEIN, GELLMAN, MELBOSTAD, GIBSON & HARRIS, LLP** |
| 3 | | |
| 4 | | |
| 5 | | By: _____<br>Lee S. Harris<br>Attorneys for Plaintiff |
| 6 | | **KATHRYN KACZMAREK** |
| 7 | | |
| 8 | | |
| 9 | Dated: December ___, 2005 | **TRUCKER HUSS, APC** |
| 10 | | |
| 11 | | By: _____ |
| 12 | | Robert F. Schwartz<br>Attorneys for Defendants |
| 13 | | **CUSHMAN & WAKEFIELD, INC.;**<br>**CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.;** |
| 14 | | **CUSHMAN & WAKEFIELD WESTERN, INC.** |
| 15 | | |
| 16 | Dated: December ___, 2005 | **ROPERS, MAJESKI, KOHN & BENTLEY** |
| 17 | | |
| 18 | | By: _____ |
| 19 | | Pamela Cogan<br>Robert M. Forni |
| 20 | | Attorneys for Defendants<br>**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON;** |
| 21 | | **LIBERTY MUTUAL INSURANCE** |

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 8, 2005 | **GOLDSTEIN, GELLMAN, MELBOSTAD, GIBSON & HARRIS, LLP** |
| 3 | | |
| 4 | | |
| 5 | | By: _____<br>Lee S. Harris<br>Attorneys for Plaintiff |
| 6 | | **KATHRYN KACZMAREK** |

Dated: December 8, 2005    **TRUCKER HUSS, APC**

By: _____
Robert F. Schwartz
Attorneys for Defendants
**CUSHMAN & WAKEFIELD, INC.;**
**CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.;**
**CUSHMAN & WAKEFIELD WESTERN, INC.**

Dated: December ___, 2005    **ROPERS, MAJESKI, KOHN & BENTLEY**

By: _____
Pamela E. Cogan
Attorneys for Defendants
**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON;**
**LIBERTY MUTUAL INSURANCE**

2.

31806B.doc: 5187-00    Stipulation Re Second Amended Complaint and Responsive Pleadings

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 8, 2005 | GOLDSTEIN, GELLMAN, MELBOSTAD, GIBSON & HARRIS, LLP |
| 3 | | |
| 4 | | |
| 5 | | By:_____ |
|   | | Lee S. Harris |
|   | | Attorneys for Plaintiff |
| 6 | | **KATHRYN KACZMAREK** |
| 7 | | |
| 8 | | |
| 9 | Dated: December \_\_\_, 2005 | **TRUCKER HUSS, APC** |
| 10 | | |
| 11 | | By:_____ |
|    | | Robert F. Schwartz |
| 12 | | Attorneys for Defendants |
| 13 | | **CUSHMAN & WAKEFIELD, INC.;** |
|    | | **CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.;** |
| 14 | | **CUSHMAN & WAKEFIELD WESTERN, INC.** |
| 15 | | |
| 16 | Dated: December 9, 2005 | **ROPERS, MAJESKI, KOHN & BENTLEY** |
| 17 | | |
| 18 | | By: _[signature]_ |
| 19 | | Pamela Cogan |
|    | | Robert M. Forni |
| 20 | | Attorneys for Defendants |
|    | | **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON;** |
| 21 | | **LIBERTY MUTUAL INSURANCE** |

**GRANTED**
_[signature]_
Judge Samuel Conti
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
12/14/05

2.

# EXHIBIT "A"

Lee S. Harris (SBN 76699)
GOLDSTEIN, GELLMAN, MELBOSTAD,
GIBSON & HARRIS, LLP
1388 Sutter Street, Suite 1000
San Francisco, CA 94109-5494
Tel.: (415) 673-5600
Fax: (415) 673-5606

Attorneys for Plaintiff
KATHRYN KACZMAREK

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KACZMAREK,<br><br>                Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; CUSHMAN & WAKEFIELD, INC. (AS PLAN ADMINISTRATOR AS DEFINED UNDER ERISA § 3(16)); CUSHMAN & WAKEFIELD, INC. WELFARE AND DISABILITY BENEFIT PLAN, POLICY NO. GF3-810-253854-01, DATED APRIL 1, 2001,<br><br>                Defendants. | Case No. **C 05 3712**<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**RECOVERY OF ERISA PLAN BENEFITS [29 U.S.C. § 1132(a)(1)(B)]** |

For her Second Amended Complaint, Plaintiff Kathryn Kaczmarek alleges as follows:

**JURISDICTION**

1. This court has jurisdiction over this action, under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 1132(e)(1) (ERISA), irrespective of the amount in controversy or the citizenship of the parties.

1.

## VENUE

2.      Venue is proper because the Northern District of California is the federal district in which the Plan was administered and where the breach occurred.  29 U.S.C. § 1132(e)(2).

## PARTIES

3.      Plaintiff Kathryn Kaczmarek is, and at all relevant times herein was, an individual residing in Santa Clara County, California.

4.      Defendant Liberty Life Assurance Company of Boston ("Liberty") is, and at all relevant times herein was, an insurance company with principal offices located in Boston, Massachusetts.  At all relevant times, Liberty was duly registered and authorized to do insurance business in the State of California and regularly conducted substantial insurance business in this state.  Whenever references are made to Liberty engaging in any act or having knowledge of any fact, such allegation shall be deemed to include any action taken or fact known individually by any officer, employee, agent, or representative of Liberty or its subsidiaries, acting with actual or apparent authority.

5.      Cushman & Wakefield, Inc. Group Disability Income Policy No. GF3-810-253854-01, Dated April 1, 2001, (the "Plan") was the Long Term Disability Plan under which plaintiff was eligible for Long Term Disability ("LTD") benefits.  (A true and correct copy of the Plan and Summary Plan Description are attached hereto as Exhibits "A" and "B," respectively.)

6.      Cushman & Wakefield, Inc. is, and at all relevant times herein was, plaintiff's employer, with principal offices located in San Francisco, California, and the Plan Administrator of the Cushman & Wakefield, Inc. Welfare Benefit Plan.  At all relevant times, Cushman & Wakefield, Inc. was duly registered and authorized to do business in the State of California, and regularly conducted substantial business in this state.  Whenever references are made to Cushman & Wakefield,

31805B.doc: 5187-00                              Second Amended Complaint for Recovery of ERISA Plan Benefit

Inc. engaging in any act or having knowledge of any fact, such allegation shall be deemed to include any action taken or fact known individually by any officer, employee, agent, or representative of Cushman & Wakefield, Inc. or its subsidiaries, acting with actual or apparent authority.

7. Plaintiff is informed and believes, and thereon alleges, each defendant named herein acted in concert and participated in the acts and omissions alleged herein, and that each defendant was acting with the consent of the other defendants within the scope of their authority as an agent, employee, servant, partner, joint-venturer, or other representative, and was jointly responsible with each other defendant for such acts and omissions.

## FACTS

8. On September 1, 2002, Cushman & Wakefield, Inc. hired Kathryn Kaczmarek as a project manager.

9. Mrs. Kaczmarek's duties as a project manager included computer work, management of at least 7 employees, and driving to and walking project sites.

10. September 27, 2002 was the last day Mrs. Kaczmarek worked.

11. On September 30, 2002, Mrs. Kaczmarek was hit from behind in her car by a J.B. Hunt Trucking semi-tractor trailer.

12. At the time of the collision, Mrs. Kaczmarek was insured under the Plan.

13. The Plan provided for Long Term Disability (LTD) benefits to age 65.

14. Mrs. Kaczmarek's monthly salary at the time of her disability was $7,307.68.

15. Mrs. Kaczmarek was born November 13, 1963, and was 38 years-old when she became disabled.

16. The Plan defined disabled as being "under a doctor's ongoing care, unable to work and, during the first five and a half years of . . . disability . . . unable to perform the duties of your regular occupation."

3.

17. On October 14, 2002, Dr. Soozani performed EMG and NCV studies and found carpal tunnel syndrome in both hands, a "double crush syndrome," and left C5-C6 Radiculopathy.

18. On December 4, 2002, as a result of the crash, Mrs. Kaczmarek underwent C4-C5, C5-C6, and C6-C7 anterior cervical discectomy and fusion with instrumentation surgery.

19. Stanford University Medical Center Neurosurgeon Dr. Daniel H. Kim performed the surgery.

20. Mrs. Kaczmarek was prescribed Percodan and Valium for pain.

21. In April 2003, Neurologist Dr. Angela Anagnos ordered an MRI and prescribed Neurontin for pain.

22. On April 24, 2003, Mrs. Kaczmarek's MRI showed no significant improvement of spinal cord deformities shown in previous MRIs and CT scans.

23. Dr. Anagnos suggested another cervical spine and thoracic MRI, which showed a disc tear at T11-T12.

24. On June 11, 2003, Liberty coached Dr. Kim to change his findings from "Ms. Kaczmarek would need a break every 20 to 30 minutes" to "Ms. Kaczmarek would need only to change positions every 20 to 30 minutes."

25. In July 2003, Dr. Kim prescribed Vicodin for pain.

26. Liberty hired HUB Enterprises, Inc. to provide 24-hour surveillance of Mrs. Kaczmarek.

27. Hub observed Mrs. Kaczmarek was not active, July 2 through July 5, 2003.

28. On September 16, 2003, Liberty required an Independent Medical Exam (IME) performed by Neurosurgeon Dr. Raul A. Vernal.

29. Dr. Vernal found that Mrs. Kaczmarek was impaired and suffered from neck and bilateral shoulder pain as well as bilateral arm and leg parathesis.

4.

30. Dr. Vernal advised Liberty that Mrs. Kaczmarek would not be able to function in her previous capacity even on a part-time basis due to "unsteadiness, easy fatigability, and poor endurance to many physical activities," and that Mrs. Kaczmarek's symptoms could only be relieved by bed rest.

31. On September 23, 2003, Mrs. Kaczmarek underwent a Functional Capacity Exam (FCE) performed by Tiffany Tang, OTR/L.

32. Ms. Tang concluded Mrs. Kaczmarek had the capacity to perform sedentary to light work.

33. September 22 through 24, 2003, HUB surveillance observed Mrs. Kaczmarek moving slowly and limping.

34. On October 26, 2003, Dr. Vernal noted continuing cervical discogenic and spondhylotic syndrome at C3-C4 with relative central and left neural foraminal stenosis, bilateral carpal tunnel syndrome, intractable cervical and lumbar spine pain, lower back pain, and a history of peripheral neuropathy of both lower extremities, and depression.

35. On December 23, 2003, Liberty terminated LTD benefits, contending Mrs. Kaczmarek could perform sedentary duties, and that project manager duties were in a sedentary classification.

36. At the time benefits were terminated, Mrs. Kaczmarek's gross monthly LTD benefit was $4,750.

37. The maximum LTD benefit date was November 12, 2028.

38. At the time LTD benefits were terminated, Mrs. Kazcmarek was under a doctor's care, and unable to perform her duties as project manager.

39. On December 5, 2003, Dr. Anagnos found neurological evidence of continuing spinal cord damage, and that Mrs. Kaczmarek was totally disabled.

40. On November 13, 2003, Dr. Kim increased his Neurontin pain medication prescription

5.

from 300mg per day to 1800mg per day.

41. On January 29, 2004, Dr. Kim examined Mrs. Kaczmarek and reported to Liberty Senior Disability Case Manager Jeffrey Jones that Mrs. Kaczmarek was unable to work.

42. Mrs. Kaczmarek timely appealed termination of LTD benefits.

43. Thursday, July 22, 2004 through Saturday, July 24, 2004, HUB surveillance videotaped Mrs. Kaczmarek "standing in the doorway while conversing on the telephone."

44. On August 2, 2004, Dr. Kim responded to a letter from Liberty, dated June 29, 2004, on which he marked "no" to the question: "From a neurosurgical perspective, did you recommend specific physical restrictions as of December 2003?"

45. On August 24, 2004, Liberty affirmed denial of LTD benefits.

46. On September 21, 2004, Dr. Kim confirmed that, based on objective medical evidence, Mrs. Kaczmarek should not return to work, despite great efforts to improve her medical condition and return to work.

47. On November 15, 2004, Dr. Kim was deposed and testified that, in response to Liberty's June 29, 2004 letter, where he marked "no," he should have marked "yes" (i.e., from a neurosurgical standpoint, Dr. Kim recommended specific physical restrictions as of December 2003).

## CAUSE OF ACTION

(Recovery of ERISA Plan Benefits)

48. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 47, above.

49. The Plan is an employee welfare and disability benefit plan covered by ERISA 29 U.S.C. §§ 1001-1461.

50. Mrs. Kaczmarek was a covered participant in or beneficiary of the Plan at the time of her disability.

6.

51. Mrs. Kaczmarek performed her obligations under the Plan.

52. Defendants' refusal and failure to pay monthly LTD benefits is improper and violates the terms of the plan.

53. Defendants' failure to perform under the Plan was not justified or excused.

54. The claims and appeals procedures provided under the Plan were exhausted.

55. The Plan Administrator's determination was influenced by an improper conflict of interest.

56. Mrs. Kaczmarek's medical condition renders her unable return to work and disabled within the meaning of the Plan.

57. As a proximate result of defendant's improper denial of LTD benefits, defendants are liable to Mrs. Kaczmarek for $4,750 per month due continuously from January 1, 2004 through the date on which judgment is entered, and for benefits through the balance of the contract term, plus prejudgment and post judgment interest, attorney fees, and costs, in accordance with 29 U.S.C. § 1132(g)(1).

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Damages in an amount to be determined at trial;

2. Interest, attorney fees, and costs, under 29 U.S.C. § 1132(g)(1); and

3. Such other and further relief as the Court may deem just and proper.

Dated: December 8, 2005.

GOLDSTEIN, GELLMAN, MELBOSTAD,
GIBSON & HARRIS, LLP

Lee S. Harris
Attorneys for Plaintiff
**KATHRYN KACZMAREK**

7.